IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FITZRAY ANTONIO NELSON, *et al.*, ) | |
|     Plaintiffs, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:18-00340-TM-N |
| ) | |
| COREY JAMES ADKINSON, *et al.*, ) | |
|     Defendants. ) | |

**REPORT AND RECOMMENDATION**

This action is before the Court on the motion to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted (Doc. 22) filed by Defendant First Acceptance Insurance Company ("First Acceptance"). The Court has referred the motion to the undersigned Magistrate Judge for appropriate action under 28 U.S.C. § 636(a)-(b), Federal Rule of Civil Procedure 72, and S.D. Ala. GenLR 72(a). *See* S.D. Ala. GenLR 72(b); (8/23/2018 electronic referral). No opposition has been filed, the deadline to do so has expired, and the motion is now under submission. (*See* Doc. 26). Upon consideration, the undersigned finds that the motion is due to be **DENIED**.[1]

---

[1] Generally, this Court "will not treat a claim as abandoned merely because the plaintiff has not defended it in opposition to a motion to dismiss." *Gailes v. Marengo Cnty. Sheriff's Dep't*, 916 F. Supp. 2d 1238, 1243 (S.D. Ala. 2013) (Steele, C.J.). *See also Cochran v. Southern Co.*, Civil Action No. 14-0569-WS-N, 2015 WL 3508018, at *1 (S.D. Ala. June 3, 2015) (Steele, C.J.) (reaffirming *Gailes*); S.D. Ala. CivLR 7(c) ("Failure to file a brief in opposition to any motion, **other than one under Fed. R. Civ. P. 12(b)** or 56, may be sufficient cause to grant the motion." (emphasis added)). "Instead, the Court will review the merits of the defendant's position and, if it is clearly incorrect or inadequate to satisfy the defendant's initial burden, will deny the motion despite the plaintiff's failure to respond." *Gailes*, 916 F. Supp. 2d at 1243–44.

Moreover, First Acceptance relies on the affirmative defense of cancellation as the sole ground for dismissal under Rule 12(b)(6); "generally, the existence of an affirmative defense will not support a rule 12(b)(6) motion to dismiss for failure to state a claim. *Fortner v. Thomas*, 983 F.2d 1024, 1028 (11th Cir. 1993). A "district court…may dismiss a complaint on a rule 12(b)(6) motion when its own allegations indicate the

The eight-count Amended Complaint (Doc. 1-1 at 77 – 91), the current operative pleading in this action, alleges various causes of action arising out of an automobile accident occurring January 20, 2018. Count Eight, the sole cause of action against First Acceptance, asserts a claim for benefits from an insurance policy for uninsured/underinsured motorist coverage between First Acceptance and the Plaintiffs, which the Plaintiffs claim was in effect at the time of the underlying accident.[2] First Acceptance acknowledges that it issued an automobile insurance policy to Plaintiff Fitzray Nelson effective October 21, 2017 (*see* Doc. 22-1), but asserts that the insurance policy was not in effect the date of the accident. First Acceptance claims that it canceled the policy effective December 21, 2017, for failure to pay the monthly premium, due to insufficient funds in Nelson's bank account to cover the automatic payment. (*See* Doc. 22-2). First Acceptance mailed Nelson a notice of cancellation on December 23, 2017 (*see id.*, Doc. 22-3), and claims that Nelson did not try to reinstate the policy after the notice of cancellation was sent. Instead, Nelson applied for another insurance policy with First Acceptance on January 22, 2018, two days after the underlying accident. (*See* Doc. 22-4).[3]

---

existence of an affirmative defense, so long as the defense clearly appears on the face of the complaint." *Id.* (quotation omitted). However, as will be explained herein, First Acceptance has failed to clearly show that its purported cancellation of the subject insurance policy was effective.

[2] In deciding a motion to dismiss under Rule 12(b)(6), the Court must construe the complaint in the light most favorable to the plaintiff, "accepting all well-pleaded facts that are alleged therein to be true." *E.g.*, *Miyahira v. Vitacost.com, Inc.*, 715 F.3d 1257, 1265 (11th Cir. 2013).

[3] First Acceptance has submitted various exhibits in support of its Rule 12(b)(6) motion. For "Rule 12(b)(6) dismissals, it is generally true that the scope of the review must be limited to the four corners of the complaint." *Speaker v. U.S. Dep't of Health & Human Servs. Centers for Disease Control & Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010) (quotation omitted). None of these exhibits was included as an exhibit to the operative

First Acceptance cites Article 2 of Title 27 of the Code of Alabama (1975), Ala. Code §§ 27-23-20 through 27-23-28, as governing the notice of cancellation it sent to Nelson. Specifically, First Acceptance argues that, under Ala. Code § 27-23-25 ("Proof of mailing of notice of cancellation or of reasons for cancellation to the named insured at the address shown in the policy shall be sufficient proof of notice."), "the Mailing Proof Sheet from Nashville, TN 37229-4521 [(Doc. 22-3)], verifying that the Notice of Cancellation was in fact mailed to Fitzray Nelson, is enough to satisfy the First Acceptance's burden of proof that the Notice of Cancellation was in fact mailed." (Doc. 22 at 3). However, First Acceptance has failed to show that the notice of cancellation mailed December 23, 2017, was effective under other provisions of Article 2 of Title 27 of the Alabama Code, regardless of whether Nelson actually received it.

Under Article 2 of Title 27, an insurer may cancel "a policy of automobile liability insurance" by issuing a notice of cancellation based on, *inter alia*, "[n]onpayment of premium…" Ala. Code § 27-23-21(a)(1).[4] However, "[n]o notice of cancellation of a

---

complaint; generally, "[i]f matters outside the pleadings are presented by the parties and considered by the district court, the Rule 12(b)(6) motion must be converted into a Rule 56 summary judgment motion." *Id.* (citing Fed. R. Civ. P. 12(d)). The Eleventh Circuit Court of Appeals, "however, has recognized an important qualification to this rule where certain documents and their contents are undisputed: In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged." *Id.* (quotation omitted). The undersigned finds that First Acceptance's exhibits are central to the Plaintiffs' claim that they are due insurance benefits, and the Plaintiffs' have not challenged their authenticity or otherwise objected to their consideration. Accordingly, consideration of the exhibits is appropriate without converting the present motion into one for summary judgment.

[4] By its terms, § 27-23-21 does "not apply to any policy of automobile liability insurance which has been in effect less than 60 days at the time notice of cancellation is mailed or delivered by the insurer unless it is a renewal policy." Ala. Code § 27-23-21(b). First Acceptance does not claim that Nelson's policy was a renewal policy, and it admits that the notice of cancellation was not mailed until December 23, 2017, over 60 days from the policy's October 21, 2017 effective date.

policy to which Section 27-23-21 applies shall be effective unless mailed or delivered by the insurer to the named insured at least 20 days prior to the effective date of cancellation; provided, however, that where cancellation is for nonpayment of premium, at least 10 days' notice of cancellation accompanied by the reason therefor shall be given." Ala. Code § 27-23-23. As it has admitted, First Acceptance did not give Nelson 10 days' notice of cancellation for nonpayment of premium, instead mailing the notice 2 days after the cancellation date. Accordingly, under the plain language of § 27-23-23, the notice was not effective.[5]

First Acceptance has failed to show that it properly canceled Nelson's insurance policy under the provisions of Article 2 of Title 27 of the Alabama Code, the only law to which First Acceptance cites, and it offers no other grounds for dismissal in the present motion. Accordingly, and pursuant to § 636(b)(1)(B)-(C) and Rule 72(b)(1), the undersigned **RECOMMENDS** that First Acceptance's Rule 12(b)(6) motion to dismiss (Doc. 22) be **DENIED**.

---

[5] "It is well settled in Alabama law that the right of the insurer to cancel an insurance policy is strictly construed and the condition imposed upon it with respect to giving notice of cancellation must be strictly performed." *Green v. Standard Fire Ins. Co. of Ala.*, 398 So. 2d 671, 675 (Ala. 1981). Thus, "it is well settled in Alabama that in an action on an insurance policy when the insurer sets up cancellation as a defense, the insurer has the burden of proving the policy was canceled. However, it is equally true that in the absence of a restrictive statutory provision, the parties to an insurance contract may specify the method by which it may be canceled and the parties are thereby bound. Put another way, an insurance policy may be canceled according to its terms." *Hartford Underwriters Ins. Co. v. Reed*, 57 So. 3d 742, 748 (Ala. 2010) (per curiam) (citations and quotations omitted). In arguing the defense of cancellation, First Acceptance relies only on Article 2 of Title 27 of the Alabama Code, and does not claim that the policy at issue provides for an alternative method of cancellation.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); S.D. Ala. GenLR 72(c). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** this the 19th day of September 2018.

*/s/ Katherine P. Nelson*
**KATHERINE P. NELSON**
**UNITED STATES MAGISTRATE JUDGE**
