IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| FITZRAY ANTONIO NELSON, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) CIVIL ACTION NO. 1:18-cv-340-TFM-N |
| COREY JAMES ADKINSON, *et al.*, | ) |
| Defendants. | ) |

## **ORDER**

This action is before the Court *sua sponte* on review of its subject matter jurisdiction. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) ("[C]ourts, including this Court, have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."). On January 31, 2019, Plaintiffs filed their Second Amended Complaint (Doc. 66) which added Kaitlyn Sanderson as a Defendant in this action. On February 26, 2019, Defendant Sanderson filed her Answer (Doc. 74). The Court notes that the Amended Complaint only alleges Defendants' state of residences – which admittedly the Court missed when it granted the motion to amend (Docs. 56, 60). A review of the recent answer does not resolve the issue.

Residence is not the equivalent of citizenship and the allegation that a party is a resident of a certain state is insufficient. *See Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010). "If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). Further, a district court "ha[s] no discretion to add [a non-diverse party] as a defendant, retain jurisdiction and decide the case on the merits." *Ingram v. CSX*

*Transp., Inc.*, 146 F.3d 858, 863 (11th Cir. 1998). Rather, when § 1447(e) applies, a district court has "only two options: (1) deny joinder; or (2) permit joinder and remand [the] case to state court." *Id*.

In the situation at hand, joinder has already occurred, but the Court must now resolve the citizenship of Defendant Sanderson. As such, Plaintiff is **DIRECTED** to file an amended complaint which is otherwise identical to the Second Amended Complaint, but to correct paragraphs 1 through 8 to correct the deficiencies noted above by reflecting citizenship as opposed to residency. *See, e.g.*, Docs. 8, 10.

**DONE** and **ORDERED** this the 27th day of February 2019.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE